IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZELDRICK H. NANCE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HON. JOSEPH H. RODRIGUEZ<br><br>Civil Action<br>No. 19-17621 (JHR)<br><br>**MEMORANDUM OPINION** |

1.  On November 20, 2018, the undersigned sentenced the *pro se* petitioner in this matter, Zeldrick H. Nance, to 48 months imprisonment after Nance, on October 30, 2017, plead guilty to a one-count information charging him with robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a). (*See* Dec. 14, 2018 Am. Crim. J., available in Nance's underlying criminal case, *United States v. Nance*, No. 17-cr-467 at DE 26.) Nance is now serving that sentence at FCI Cumberland, located in Cumberland, Maryland. (*See* DE 1-2.)

2.  On or about August 6, 2019,[1] Nance filed the present habeas motion seeking relief pursuant to 28 U.S.C. § 2255. (*See* DE 1.) Rule 4 of the Rules Governing Section 2254 Cases, applicable to this case through Rule 1(b), requires

---

[1] Nance executed that document on August 6, 2019. (*See* DE 1 at 13.) Nance addressed his filing to the undersigned, directly; it was received in my chambers on August 15, 2019. (*See* DE 1-2.) The Clerk formally opened this matter on September 4, 2019. (*See* DE 1.)

the Court to summarily dismiss Nance's § 2255 motion "[i]f it plainly appears from the [pleading] any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons discussed herein, the Court finds that summary dismissal is required.

3. Nance, by way of his § 2255 motion, claims only that the Bureau of Prisons ("BOP") improperly calculated his release date because it failed to credit 137 days of time Nance spent in custody prior to sentencing. (*See* DE 1 at 10, 13.) 28 U.S.C. § 2255, however, is not the proper statutory mechanism for this claim; Nance's entitlement to habeas relief based for that claim – if true – instead arises under 28 U.S.C. § 2241. Indeed, "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *accord United States v. Addonizio*, 442 U.S. 178, 185-88 (1979) (holding that § 2255 authorizes challenges to the lawfulness of a federal sentence, not to the lawfulness of the performance of judgment and sentence).

4. More simply, the lone habeas claim asserted by Nance vis-à-vis his § 2255 motion, *i.e.*, that BOP failed to credit 137 days of time that Nance served before being sentenced by this Court, must instead be brought under § 2241. *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence . . . must . . . proceed via a petition for habeas corpus under 28 U.S.C. § 2241.") (cited with approval in *Coady*, 251 F.3d at 485-86); *Eason v.*

2

*United States*, No. 06-2953, 2006 WL 3524372, at *1 (E.D. Pa. Dec. 6, 2006) ("[habeas] petition contesting the calculation of credit for time served . . . is properly brought, not under § 2255, but rather under § 2241"); *United States v. Chavez-Gavina*, No. 00-63, 2002 WL 389274 *1 (E.D. Pa. Mar. 12, 2002) ("the appropriate jurisdictional basis to challenge sentence credit and sentence computation is 28 U.S.C. § 2241").

5. Critically, a "claimant [who seeks relief under § 2241] must file that petition in the district where he is incarcerated; if the claimant files in another district, that court has no jurisdiction to hear the petition." *Mares*, 868 F.2d at 151-52; *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (a petition brought pursuant to § 2241 must be brought in the prisoner's district of confinement).

6. For these reasons, the Court will summarily dismiss Nance's § 2255 motion; this dismissal is without prejudice to Nance's right to challenge the BOP's calculation of his sentence via the filing of a § 2241 petition in the district of his confinement. *See Fontanez v. United States*, No. 18-12382, 2018 WL 4693964, at *1 (D.N.J. Sept. 28, 2018) (dismissing, without prejudice, § 2255 motion brought by federal inmate incarcerated in Pennsylvania where the "sole grievance raised in [petitioner's pleading was] that he [was] confined in excess of his maximum term because [BOP] failed to calculate correctly his federal sentence [based on its failure to] account for time spent in state custody" and further noting that "he would need

to bring his claim for relief by petition . . . pursuant to 28 U.S.C. § 2241" in the district of his confinement). An appropriate Order follows.

September 9, 2019
Date

JOSEPH H. RODRIGUEZ
U.S. District Judge